IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION<br>NO. 16-6462 |
| ANTHONY V. FERMAMENTO<br>Defendant. | : | |

### ORDER

AND NOW, this 3rd day of April, 2017, upon consideration of Plaintiff's Motion for Default Judgment (Doc. No. 4), it is hereby ORDERED that said Motion is DENIED without prejudice.[1]

BY THE COURT:

/s/ C. Darnell Jones, II  J.

---

[1] Plaintiff seeks entry of a default judgment for Defendant's alleged failure to respond to Plaintiff's Complaint. Upon review of the documents submitted in support of Plaintiff's Motion, this Court cannot conclude that service in this matter was properly effectuated. In its Complaint, Plaintiff alleges Defendant is an individual who, along with his late wife, obtained a $44,000.00 mortgage in 1986 under Title V of the Housing Act of 1949. (Compl. ¶¶ 3-4.) Defendant's wife passed away in 2007 and Defendant has allegedly defaulted on the loan since that time. (Compl. ¶ 9.) Plaintiff alleges to have properly notified Defendant of its intent to foreclose on the property, and subsequently filed suit in this Court to recover the monies owed. (Compl. ¶¶ 12-13.) On February 16, 2017, an individual named Kendra Day personally served Plaintiff's Complaint upon the Director of Nursing at 1020 S. Main Street in Quakertown, Pennsylvania. (Mot. Default J. Ex. A.) The Affidavit of Service submitted by Plaintiff indicates the Manner of Service to be the handing of a copy to "The manager, clerk, or other person for the time being in charge of a regular place of business or activity of the Defendant *organization* who is not a plaintiff in the action." (Mot. Default J. Ex. A) (emphasis added). Nothing in Plaintiff's Complaint indicates that Defendant is an organization.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, an individual within a Judicial District of the United States may be served by "delivering a copy . . . to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(e)(2)(C). Plaintiff herein has provided the court with no indication that the Director of Nursing at 1020 S. Main Street in Quakertown, Pennsylvania meets either of these criteria. Because this Court cannot be certain that service was properly effectuated, Plaintiff's Motion must be denied.