**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff<br><br>v.<br><br>ANTHONY V. FERMAMENTO,<br>　　　　　　　　　Defendant | Civil Action No: 16-06462 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
APPOINTMENT OF GUARDIAN AD LITEM PURSUANT TO FED.R.CIV.P. 17(c)**

　　This is an action in mortgage foreclosure commenced by the Plaintiff, United States of America, on December 15, 2016, against Defendant, Anthony V. Fermamento, the real owner and mortgagor of the property located at 32 Linda Court a/k/a 32 South Linda Court, Richlandtown, PA 18955. In attempting to make service upon Defendant, it was discovered that he is in a nursing home after having suffered a stroke and is incompetent. Defendant no longer resides at the property which is presently occupied by his son, Jason Fermamento.

　　Federal Rule of Civil Procedure 17(c)(2) provides as follows:

**(c) Minor or Incompetent Person.**
**(1)** *With a Representative.* The following representatives may sue or defend on behalf of a minor or an incompetent person:

**(A)** a general guardian;
**(B)** a committee;
**(C)** a conservator; or
**(D)** a like fiduciary.

**(2)** *Without a Representative.* A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The

court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

As stated in Rule 17(c)(2), the court has the authority to appoint a guardian ad litem or take any action it deems proper for the protection of the infant or incompetent. The trial court has discretion whether or not to appoint a guardian ad litem. *United States v. 42.5 Acres, More or Less, of Land and Personal Property, Located in the First Property Judicial District of Harrison County, Mississippi,* 834 F.Supp. 912 (S.D.Miss. 1992).

In this case, involving an *in rem* mortgage foreclosure action, it is suggested that Defendant's son be appointed as guardian ad litem due to both his relationship to the Defendant and because he also resides in the subject property and, as a result, his interest in protecting the property from foreclosure would appear to be aligned with his father.

Rule 17(c)(2) also provides that "[t]he court must appoint a guardian ad litem - or issue another appropriate order to protect a minor or incompetent person who is unrepresented in an action." Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected. *United States v. 42.5 Acres, More or Less, of Land and Personal Property, Located in the First Property Judicial District of Harrison County, Mississippi,* 834 F.Supp. at 918.

Plaintiff therefore respectfully requested that this Honorable Court enter an Order appointing Jason Fermamento as guardian ad litem for Defendant, Anthony V. Fermamento, in this mortgage foreclosure action in unnecessary.

Respectfully submitted,

KML Law Group, P.C.

By: _____
Thomas I. Puleo, Esquire
Pennsylvania Attorney I.D. No. 27615
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6309